In re BASS.

(District Court, N. D. Georgia    May 25, 1914.)

No. 453.

BANKRUPTCY (§ 314*)—CLAIMS—STOCK SUBSCRIPTION.

The receivers of an insolvent insurance company were not entitled to prove a liability on the bankrupt's subscription to the stock of the company, which it did not appear was necessary to pay debts, in order to equalize claims between the various stockholders who had paid their subscriptions, especially in the absence of proof that the bankrupt on such equalization would have been in the debtor, instead of the creditor, class.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. § 314.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. L. Bass. Application by receivers of the Rome Insurance Company to prove a claim against the bankrupt on a subscription to the stock of the corporation. Disallowed.

Maddox & Doyal, of Rome, Ga., for claimant.

Nathan Harris, of Rome, Ga., and Alex C. King, of Atlanta, Ga., for trustee.

NEWMAN, District Judge. This is an effort to prove a claim against the bankrupt estate by certain receivers of the Rome Insurance Company appointed by the superior court of Floyd county. The amount sought to be proven is $186,001.60, being principal of $179,493.34 and interest to date of filing of claim amounting to $6,508.26. This proof of claim is based on a subscription made by J. L. Bass to the stock of the insurance company.

It appears from the record that the Rome Insurance Company had sold its business to the Cherokee Insurance Company and had all of its business reinsured in that company; the Cherokee Insurance Company assuming all of the liabilities of the Rome Insurance Company except a comparatively small amount, based on certain items of indebtedness, the exact amount of which is not shown here. But at the most it is only a few thousand dollars, and the receivers of the Rome Insurance Company have in their hands something over $9,000 in cash with which to pay liabilities and expenses. It seems probable, from what is shown here, that the receivers have a sufficient amount in their hands to pay everything that they can be legally called upon to pay. At all events, it seems that $2,000 or $3,000 would be the most that, in any view of the case, they will need to pay all legitimate debts against the concern.

In urging the right of the receivers of the Rome Insurance Company to prove this claim, it is contended that a considerable amount will be necessary in order to equalize claims between the various stockholders who had paid their subscriptions to the stock of the company in different proportions; that is to say, it is contended that the superior court should collect enough from the stockholders who had paid a less proportion than others on their subscriptions in order to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reimburse stockholders who have paid in a larger proportion, so as to equalize all the subscriptions.

In proving this claim nothing was said about any claim against Bass for the purpose indicated. It seems to me, before such a claim could be made, it should appear that Bass belongs to the debtor class, instead of to the creditor class, as between stockholders in the respect indicated above. It should be shown what, in an equalization as to the amount paid in on their stock, Bass would owe in order that the other stockholders may be put on an equality with him. It is contended by counsel representing the bankrupt estate that Bass is on the other side of the matter, and that he would be entitled to collect from other stockholders, instead of other stockholders collecting from him. Certainly the claim is not put in the proof or in the evidence in such a way that it would authorize the court to allow proof of this claim upon the ground indicated, that is, the equalizing of stockholders.

It must be true that there cannot be a recovery upon stock subscriptions when the amount sought to be recovered is not needed for any of the legitimate purposes of the company in which the stock was subscribed, that is, to pay debts, etc. Tichenor, Receiver v. Williams Block Pavement Co., 116 Ga. 303, 42 S. E. 505, and authorities there cited. Certainly no court would allow the collection of a large sum like the receivers for the Rome Insurance Company are attempting to prove here, when it is apparent that the great bulk of it, if not all of it, would have to be repaid to the persons from whom it is collected, and particularly would this be true in a court of bankruptcy, because it is the duty of this court to get the affairs of the bankrupt settled as speedily as possible.

It is clear that the proof of claim as made here was properly disallowed by the referee, and his action in so doing is approved and confirmed.